IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| JERMAINE L. COBBS, ) | Civil Action No.: 5:20-00818-MBS |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WARDEN OF GOODMAN CORRECTIONAL ) | |
| INSTITUTION, ) | |
| ) | |
| Respondent. ) | |

Petitioner Jermaine L. Cobbs ("Petitioner"), proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2254. ECF No. 1. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report").

## BACKGROUND

On May 6, 2020, Respondent Warden of Goodman Correctional Institution ("Respondent"), filed a motion for summary judgment, along with a return and memorandum. ECF Nos. 17, 18. Petitioner filed a response in opposition to the motion for summary judgment on May 15, 2020. ECF No. 22. Respondent did not file a reply. On October 30, 2020, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and the petition for a writ of habeas corpus be denied. ECF No. 27.

The Magistrate Judge advised Petitioner of his right to file specific objections to the Report. ECF No. 27 at 25. Petitioner sought and received an extension of time, ECF No. 29, and filed his objections on November 16, 2020, ECF No. 35. The Report sets forth the relevant factual and procedural background from the trial and post-conviction relief ("PCR") proceedings, as well as

the relevant legal standards, none of which Petitioner disputes and which the court incorporates here without recitation.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

**A.      Grounds for Relief**

Petitioner filed his § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 and therefore review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner raises two grounds for relief as follows[1]:

**Ground One:**   Trial counsel ineffective for misadvice of the mandatory minimum of sentence.

---

[1] The court quotes the grounds for relief as quoted by the Magistrate Judge according to the § 2254 petition without the use of "[sic]". *See* ECF No. 27 at 7.

        Supporting Facts: I was told by trial counsel that trafficking cocaine 28 to 100 grams was 17 to 25 years. Trafficking cocaine 28 to 100 grams carries 7 to 25 years.

**Ground Two:**    The PCR judge erred in denying petitioner allegation that he was coerced into pleading guilty to avoid life sentence.

        Supporting Facts: Due to counsel's misadvice because none of the state's charges levied against him carried life imprisonment penalties.

ECF No. 27 at 7 (citing ECF No. 1 at 5-7).

    Each of these grounds for relief implicates the assistance of Petitioner's trial counsel. As the Magistrate Judge explained in the Report, the governing standard for adjudicating assistance of counsel claims is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner first must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and second must show that this deficiency prejudiced the defense. ECF No. 27 at 10 (citing *Strickland*, 466 U.S. at 687, 694). When a petitioner raises in a § 2254 habeas petition an ineffective-assistance-of-counsel claim that was denied on the merits by a state court, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable[,]" not "whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Where the claim is based on a petitioner's allegation that his guilty plea was involuntary, the court must uphold the guilty plea as constitutionally valid if it "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

    The Magistrate Judge engaged in a comprehensive discussion of these two grounds for relief and found each to be without merit. Accordingly, the Magistrate Judge recommends that the court grant the motion for summary judgment.

B.   **Objections**

  1.   <u>Ground One</u>

Petitioner argues his trial counsel offered ineffective assistance because he misinformed Petitioner that the drug violation with which Petitioner had been charged carried an associated penalty range of 17 to 25 years when in fact it carries a penalty range of 7 to 25 years.

The Magistrate Judge first considered and rejected Respondent's argument that this claim is procedurally defaulted.[2] ECF No. 27 at 20. Upon finding the claim preserved, the Magistrate Judge noted that the PCR court's factual findings were based in part on its conclusion that trial counsel's testimony was more credible than that of Petitioner, and that Petitioner had provided no basis on which to "discount the PCR court's credibility determination." *Id.* at 20-21.

Petitioner objects that he has shown he is entitled to relief based on trial counsel's "erroneous sentencing advice," and cites to the transcript of his plea hearing and of the PCR hearing. ECF No. 35 at 3. Specifically, Petitioner cites to the following exchange during the plea hearing:

> Solicitor: Indictment 2010-GS-08-1722 is trafficking cocaine, 200 to 400. He's pleading to the lesser included of trafficking cocaine 28 to 100 for a negotiated 18 – first offense, for a negotiated 18-year sentence.
> The Court: And that carries – what's the range on that?
> Solicitor: That carries 17 to 25 years.
> The Court: You agree with that?
> Trial Counsel: Unfortunately, yes, sir.

*Id.* (citing ECF No. 17-1 at 4-5). Petitioner also cites to the following exchange during the PCR hearing:

> Q: All right. Let's go to page 3 line 1 through 4. Page 3 says, "[Solicitor]; It carries 17 to 25 years. The Court: You agree with that? [Trial Counsel]: Unfortunately yes, sir." So you're saying that based on where you were you were given the wrong

---

[2] Respondent did not object to this finding and the court finds no error in the Magistrate Judge's determination.

> information, even your lawyer didn't know what you were facing; is that correct?
> A: That's correct.
> Q: Okay.
> A: He never objected to it.
>
> . . . .
>
> A: No, sir. The seven came up because one of the trafficking was reduced down. I think it's a typographical error in the transcript. One of the trafficking was reduced down to 7 to 25. It was not – that's when the 300 or 200 to 400-gram range, I was able to negotiate that down to where the range was 7 to 25 instead of 25 mandatory.

*Id.* (citing ECF No. 17-1 at 51, 91). Petitioner asserts in his objection that but for the "erroneous sentenc[ing] advice]" he "would have never waive [sic] his right and plead guilty but insist on going to trial." ECF No. 35 at 4.

Petitioner's objection merely reasserts his original contention and does not provide a basis for setting aside the PCR court's credibility determination. As the Magistrate Judge noted, the PCR court's assessment of witness credibility is entitled to deference, and Petitioner has not shown that the PCR court's decision was "objectively unreasonable in light of the evidence presented in the state court proceeding." *Wilson v. Ozmint*, 352 F.3d 847, 858–59 (4th Cir. 2003). *See Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (instructing that "for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear").[3] The court finds no error in the Magistrate Judge's findings as to Ground One and therefore overrules the objection.

2. Ground Two

Petitioner argues he agreed to plead guilty because his trial counsel incorrectly represented

---

[3] The court notes it appears that Petitioner would have faced a mandatory penalty of 25 years had he elected to go to trial and that the lower penalty range of 7 to 25 years was triggered only as a result of the plea agreement, by which Petitioner was allowed to plead to the lesser included offense. *See* S.C. Code Ann. § 44-53-370(e)(2).

that Petitioner would face a life sentence should he proceed to trial and that the PCR court erred in denying this claim that he was coerced into pleading guilty.

The Magistrate Judge reviewed the transcripts of the guilty plea hearing and the PCR hearing and concluded that Petitioner had offered no factual basis on which to overturn the state court's finding that Petitioner chose to enter a guilty plea freely and voluntarily, and therefore concluded that the PCR court "made reasonable findings of fact and reasonably applied federal law in denying Petitioner's involuntary guilty plea claim." ECF No. 27 at 22-23.

Petitioner objects and cites to the following excerpts from the transcripts of the guilty plea hearing and PCR hearing:

> Trial Counsel: But to look at it overall, 38 years old and this is really the first significant trouble he's ever been in, I think it's a good way for him to kind of put this to rest without taking the chance of spending the rest of his life in jail.

ECF No. 35 at 5 (citing ECF No. 17-1 at 12).

> Q. It says, "But to look at it overall 38 years old and this is really the first significant trouble he's ever been in. I think it's a good way for him to kind of put this to rest without taking the chance of spending the rest of his life in jail. He accepted responsibility. He's walking in here to take 18 years." Why don't you tell me what your problem is with that?
>
> . . . .
>
> Q. I read lines 5 through 10 where it talks about Attorney Thrower talking about it's a good way for him to put this to rest without taking the chance of spending the rest of his life in jail. Okay? Tell the Court what your problem is with that statement and how it relates to your understanding.
> A. I had an understanding that if I didn't take the 18-year sentence I was facing a life sentence in prison. That was my understanding, you know. So I was like life sentence, you know, or 18 months where he explained what the lesser included offense was. So I was like, you know, that's what induced me to plea. Had I known that I wasn't facing a life sentence, I was only facing a maximum mandatory 25.
> Q. Then you would have done what?
> A. I would have insisted on going to trial.

ECF No. 35 at 5 (citing ECF No. 17-1 at 52-53).

Petitioner asserts "it should have been made clear to the Petitioner what [trial counsel] meant by using the term spending the rest of your life in prison before the guilty plea, not at the PCR hearing," and that "[i]f counsel had not misinformed petitioner that he would face a potential life sentence, petitioner would have never plead guilty and insist on going to trial." ECF No. 35 at 5.

As an initial matter, the court agrees with the Magistrate Judge that the record reflects Petitioner's plea was given voluntarily and intelligently. *See* ECF No. 27 at 23. Petitioner's objection does not show otherwise. Nor does Petitioner provide in his objection a basis for finding that he would not have pleaded guilty but for the defective assistance he attributes to counsel.[4] The court agrees with the Magistrate Judge's finding that the PCR court's dismissal of the involuntary guilty plea claim does not constitute an unreasonable application of Federal law and was not based on an unreasonable determination of facts in light of the state court record. The court therefore overrules the objection.

For the reasons set forth herein, the court agrees with the Magistrate Judge's analysis and adopts and incorporates the Magistrate Judge's Report, ECF No. 27. The Motion for Summary Judgment, ECF No. 18, is granted and the habeas petition, ECF No. 1, is denied and dismissed with prejudice.

CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability. . . shall indicate which specific issue or

---

[4] The court notes that the state statute under which Petitioner was charged sets forth the sort of penalties that could very well have amounted to a life sentence in practical if not technical terms, had Petitioner proceeded to trial, been found guilty, and received consecutive sentences.

issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour_____
Margaret B. Seymour
Senior United States District Judge

March 17, 2021
Charleston, South Carolina

*****

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.